Case 4:25-cv-02604   Document 32   Filed 02/10/26 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
February 10, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRIORITY INVESTOR LOANS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. H-25-2604 |
| BRAD SHULL, *et. al.*, | § § § | |
| Defendants. | § § | |

ORDER

Pending before the Court are Defendants' Brad Shull and Shull & Associates LLC's First Amended Motion to Dismiss and Motion to Strike (Document No. 14) and Defendant JPMorgan Chase Bank, N.A's Motion to Dismiss (Document No. 15). Having considered the motions, submissions, and applicable law, the Court finds that both motions should be granted.

I. BACKGROUND

This is a matter involving an insurance dispute. Plaintiff Priority Investor Loans, LLC ("Plaintiff") had a mortgage on three buildings owned by a non-party to this matter, Curvy Management, LLC ("Curvy"). Curvy insured the aforementioned buildings for fire damage through a policy (the "Policy") with Defendant Zurich American Insurance ("Zurich"). The Policy was issued to Curvy with a mortgage holders' endorsement in favor of Plaintiff stating that Zurich was

to "pay for covered loss or damage to Covered Property to the mortgage holder(s) designated in the Schedule."[1] On March 10, 2024, the buildings were damaged by fire. Plaintiff alleges that "[a]fter the fire, the buildings were foreclosed on by Priority due to failure of Curvy to make the required mortgage payments."[2] Plaintiff further alleges that Zurich incorrectly issued checks covering part of the fire loss to an insurance adjuster.[3] The alleged insurance adjuster is Defendant Brad Shull ("Shull"), the owner of Defendant Brad Shull & Associates LLC ("Shull LLC"). Lastly, Plaintiff alleges that Defendant JPMorgan Chase Bank ("Chase") cashed the check without Plaintiff's endorsement.[4]

Based on the foregoing, on May 5, 2025, Plaintiff filed suit in the 270th District Court of Harris County, Texas asserting claims against Defendants Shull and Shull LLC for: (1) conversion; (2) violation of the Texas Theft Liability Act;

---

[1] *Defendant American Zurich Insurance Company's Notice of Removal*, Document No. 1, Exhibit D-1 at 7 (*Plaintiff's Complaint*).

[2] *Plaintiff's Complaint*, Document No. 1, Exhibit D-1 at 6–7. The Court notes that this timeline is disputed. "However, Priority proceeded with a foreclosure sale on or about November 7, 2023. The fire that is the subject of this suit happened after the foreclosure sale and occurred on or about March 10, 2024." *Defendants' Brad Shull and Shull & Associates LLC's First Amended Motion to Dismiss and Motion to Strike*, Document No. 14 at 10.

[3] *See Plaintiff's Complaint*, Document No. 1, Exhibit D-1 at 7.

[4] *See Plaintiff's Complaint*, Document No. 1, Exhibit D-1 at 7–8.

and (3) violations of the Texas Insurance Code.[5] Additionally, Plaintiff asserts claims against Defendant Zurich for breach of contract and Defendant Chase for "breach of its duty of care."[6] On June 5, 2025, the case was removed to this Court pursuant to diversity jurisdiction.[7] On September 12, 2025, Defendants Shull and Shull LLC filed a motion to dismiss for failure to state a claim upon which relief can be granted.[8] On September 18, 2025, Defendants Shull and Shull LLC filed their amended motion to dismiss for failure to state a claim upon which relief can be granted.[9] On November 10, 2025, Defendant Chase filed a motion to dismiss for failure to state a claim upon which relief can be granted.[10] Plaintiff did not respond to any of the motions to dismiss by the date required under the Federal Rules of Civil Procedure.

---

[5] *See Plaintiff's Complaint*, Document No. 1, Exhibit D-1 at 8–10.

[6] *See Plaintiff's Complaint*, Document No. 1, Exhibit D-1 at 11–12.

[7] *See Defendant American Zurich Insurance Company's Notice of Removal*, Document No. 1 at 1.

[8] *See Defendants' Brad Shull and Shull & Associates LLC's Motion to Dismiss and Motion to Strike*, Document No. 10 at 1.

[9] *See Defendants' Brad Shull and Shull & Associates LLC's First Amended Motion to Dismiss and Motion to Strike*, Document No. 14 at 1.

[10] *See Defendant JPMorgan Chase Bank, N.A's Motion to Dismiss*, Document No. 15 at 1.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

4

## III. LAW & ANALYSIS

The Court will consider, in turn, (A) Defendants Shull and Shull LLC's motion to dismiss, and (B) Defendant Chase's motion to dismiss. Plaintiff did not respond to either motion to dismiss by the time required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(a). Pursuant to Local Rule 7.4, failure to timely respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond, the Court will consider, in turn, the merit of Plaintiff's claims against Defendants Shull, Shull LLC, and Chase.

*A. Defendants Shull and Shull LLC's Motion to Dismiss (Document No. 14)*

Defendants Shull and Shull LLC move to dismiss all of Plaintiff's claims contending that "Plaintiff fails to adequately allege facts sufficient to establish a cognizable cause of action."[11] Defendants Shull and Shull LLC further contend that "Plaintiff's claims against Movants should be dismissed because they do not allege facts that prove they have standing to sue Movants."[12] Plaintiff offers no rebuttal.

Establishing standing "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (citing *Barrows v. Jackson*, 346 U.S. 249, 255–256 (1953)).

---

[11] *Defendants' Brad Shull and Shull & Associates LLC's First Amended Motion to Dismiss and Motion to Strike*, Document No. 14 at 6.

[12] *Defendants' Brad Shull and Shull & Associates LLC's First Amended Motion to Dismiss and Motion to Strike*, Document No. 14 at 16.

"To satisfy the 'case' or 'controversy' requirement of Article III, which is the 'irreducible constitutional minimum' of standing, a plaintiff must, generally speaking, demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision. *Bennet v. Spear*, 520 U.S. 154, 162 (1997) (citation omitted). The question of standing is "a threshold inquiry to adjudication." *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003) (citation omitted).

Here, the Court has reviewed Plaintiff's Complaint in detail. In doing so, the Court has considered each of Plaintiff's claims against Defendants Shull and Shull LLC for conversion, violation of the Texas Theft Liability Act, and violations of the Texas Insurance Code. In moving to dismiss Plaintiff's claims, Defendants Shull and Shull LLC (the "Shull Defendants") contend that they "were hired on July 18, 2024, by Curvy to negotiate with the insurance company on their behalf" and that the contract clearly stated that Defendant Shull LLC "REPRESENT THE INSURED ONLY."[13] With respect to the claims brought by Plaintiff against the Shull Defendants, the Shull Defendants further contend that "Plaintiff failed to allege facts that would show that Plaintiff was entitled to relief from Movants" and that "[t]he contract between Curvy and Movants clearly states that the recovery would come

---

[13] *Defendants' Brad Shull and Shull & Associates LLC's First Amended Motion to Dismiss and Motion to Strike*, Document No. 14 at 17 (emphasis in original).

6

from the insurance policies not covered in the policies of the insured."[14] Plaintiff offers no rebuttal.

In addition to the Shull Defendants' standing argument, the Shull Defendants further contend that Plaintiff's Complaint is insufficient because "Plaintiff not only fails to clarify their property rights but also fails to attach the alleged insurance policy to the actual petition."[15] The Shull Defendants further cite inaccuracies in the Complaint contending that "failure to provide clear dates regarding the fire, foreclosure, and insurance coverage fails to adequately notice the Movants of the claims asserted against them."[16] Plaintiff offers no rebuttal.

A review of the record in this matter reveals that Plaintiff did not attach the Policy in question, but rather, referenced only one sentence from the entire Policy.[17] Furthermore, the Court's independent review of the record reveals that the foreclosure sale happened on November 7, 2023, well before the fire on March 10,

---

[14] *Defendants' Brad Shull and Shull & Associates LLC's First Amended Motion to Dismiss and Motion to Strike*, Document No. 14 at 17–18.

[15] *Defendants' Brad Shull and Shull & Associates LLC's First Amended Motion to Dismiss and Motion to Strike*, Document No. 14 at 15.

[16] *Defendants' Brad Shull and Shull & Associates LLC's First Amended Motion to Dismiss and Motion to Strike*, Document No. 14 at 16.

[17] *See Plaintiff's Complaint*, Document No. 1, Exhibit D-1 at 7 ("Under Section 5.b. of the references insurance policy, Zurich was obligated to 'pay for covered loss or damage to Covered Property to the mortgage holder(s) designated in the Schedule[.]").

2024.[18] The Court notes this inconsistency with Plaintiff's Complaint which states, in relevant part, that "[a]fter the fire, the buildings were foreclosed on by Priority[.]"[19]

Based on the foregoing, the Fifth Circuit and Supreme Court's clear guidance that the question of standing is a preliminary inquiry for adjudication, and the clear language of Federal Rule of Civil Procedure Rule 8(a)(2), the Court finds that Plaintiff's claims against Defendants Shull and Shull LLC should be dismissed. The Court will now consider Defendant Chase's motion to dismiss.

*B. Defendant Chase's Motion to Dismiss (Document No. 15)*

Defendant Chase moves to dismiss Plaintiff's "breach of its duty of care" claim contending that: (1) Plaintiff failed to state a claim; (2) the negligence claim is preempted by the UCC; and (3) "Plaintiff failed to plead that it was a holder of the check."[20] Plaintiff offers no rebuttal.

---

[18] *See Defendants' Brad Shull and Shull & Associates LLC's First Amended Motion to Dismiss and Motion to Strike*, Document No. 14, Exhibit 7 at 3 ("WHEREAS, at such sale the Property was sold to Priority Investor Loans, LLC[.]").

[19] *See Plaintiff's Complaint*, Document No. 1, Exhibit D-1 at 6–7.

[20] *See Plaintiff's Complaint*, Document No. 1, Exhibit D-1 at 11; *Defendant JPMorgan Chase Bank, N.A's Motion to Dismiss*, Document No. 15 at 5–8. Given the Court's own independent review of Plaintiff's Complaint, the Court determines that Plaintiff intends to bring a common law negligence claim against Defendant Chase. As such, the Court will consider Plaintiff's negligence claim to the extent it can construe one.

8

When exercising jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938)). Tort law is a matter of state law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 87 (1938). To allege a negligence action under Texas law, a Plaintiff must allege sufficient facts to show "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (applying Texas State law). Most pertinent here, "the UCC preempts common law causes of action that supplant the provisions of the UCC in a suit to recover losses involving negotiable instruments." *AMX Enterprises, Inc. v. Bank One, N.A.*, 196 S.W.3d 202, 207 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

Here, Defendant Chase contends that "Plaintiff's claims against Chase are preempted by the UCC because they are based on allegations of transactions governed by that statute."[21] Defendant further contends that "Plaintiff has not pleaded a UCC claim; therefore, Plaintiff's claims against Chase must be

---

[21] *Defendant JPMorgan Chase Bank, N.A's Motion to Dismiss*, Document No. 15 at 6.

dismissed."[22] Plaintiff offers no rebuttal. The Court has conducted an independent review of Plaintiff's Complaint alleging that "JP Morgan Chase Bank, N.A. failed in its duty of ordinary care by accepting and processing this check without Priority Investor Loans endorsement."[23] In reviewing Plaintiff's Complaint, the Court finds that Plaintiff's claim against Chase clearly attempts to recover losses related to a negotiable instrument, specifically a check. Based on the foregoing and considering the clear guidance of the Texas Appellate Court that the UCC preempts common law causes of action, the Court finds that Plaintiff's claim against Defendant Chase is preempted by the UCC. As such, the Court finds that Plaintiff's claim against Defendant Chase should be dismissed.[24]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Brad Shull and Shull & Associates LLC's First Amended Motion to Dismiss and Motion to Strike (Document No. 14) is **GRANTED**. The Court further

---

[22] *Defendant JPMorgan Chase Bank, N.A's Motion to Dismiss*, Document No. 15 at 7.

[23] *See Plaintiff's Complaint*, Document No. 1, Exhibit D-1 at 12.

[24] Considering the Court's finding that Plaintiff's claim against Defendant Chase is preempted by the UCC, the Court declines to consider Defendant Chase's remaining arguments related to the sufficiency of Plaintiff's Complaint.

**ORDERS** that Defendant JPMorgan Chase Bank, N.A's Motion to Dismiss (Document No. 15) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against Defendant Brad Shull are **DISMISSED WITHOUT PREJUDICE**. The Court further

**ORDERS** that Plaintiff's claims against Defendant Shull & Associates LLC are **DISMISSED WITHOUT PREJUDICE**. The Court further

**ORDERS** that Plaintiff's claim against JPMorgan Chase Bank, N.A's is **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, on this __9__ day of February, 2026.

_____
DAVID HITTNER
United States District Judge